JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE PEPE MITCHELL,<br><br>    Plaintiff,<br><br>v.<br><br>J. SKELTON,<br><br>    Defendant. | Case No. 5:24-cv-00104-MWF-KES<br><br>ORDER DISMISSING CASE FOR FAILURE TO COMPLY WITH LOCAL RULES |

## I.
## BACKGROUND

In January 2024, the Court received a pro se civil rights Complaint from Jose PePe Mitchell ("Plaintiff"). (Dkt. 1.) Per the Complaint, Plaintiff was an inmate at California Men's Colony ("CMC") in San Luis Obispo with California Department of Corrections and Rehabilitation ("CDCR") identification number BC7067. (Id.)

In August 2024, Defendant Skelton answered the Complaint. (Dkt. 20.) Shortly thereafter, the Court issued a Case Management Order ("CMO"). (Dkt. 21.) Among other things, the CMO warned Plaintiff that he needed to keep the

1

Court apprised of his current mailing address:

> If Plaintiff fails to keep his address up to date, this action may be dismissed for failure to prosecute. See Local Rule 41-6 ("If a Court order or other mail served on a pro se plaintiff at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.").

(Id. at 3-4.)

The CMO mailed to Plaintiff was returned to the Court as undeliverable. (Dkt. 22.)  The envelope was marked "out to court."  (Id.)  Upon receipt, the Court looked at the CDCR's Incarcerated Records and Information Search ("CIRIS") website.  See https://ciris.mt.cdcr.ca.gov/search.  That website indicated that Plaintiff was still housed at CMC.  Often, CDCR does not update this website to reflect short, temporary moves for court appearances.  The Court, therefore, issued a minute order instructing the Clerk to re-mail the CMO to Plaintiff's address of record at CMC.  The minute order also warned Plaintiff that if it, too, was returned as undeliverable, then his case would likely be dismissed for failure to comply with Local Rule 41-6.  (Dkt. 23.)

On September 16, 2024, the Court received the mailed minute order back marked undeliverable. (Dkt. 24.)  The Court again checked the CIRIS website which again indicated that Plaintiff was still housed at CMC.  Plaintiff's last filing in May 2024 used his address of record at CMC.  (Dkt. 12.)

The Court served the CMO on Plaintiff by mail on August 15, 2024.  (Dkt. 21.)  More than a month has passed since then, but Plaintiff has not filed a notice of change of address.

## II.

## LEGAL STANDARD

A district court may dismiss an action for failure to prosecute, failure to follow court orders, or failure to comply with the federal or local rules. See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). Central District of California Local Rule 41-1 provides, "Civil suits which have been pending for an unreasonable period of time without any action having been taken therein may, after notice, be dismissed for want of prosecution." Local Rule 41-6 allows the Court to dismiss a case if the pro se plaintiff fails to update his mailing address promptly.

The Court has discretion to dismiss the action with or without prejudice. See Fed. R. Civ. P. 41(b) ("[u]nless the dismissal order states otherwise," or certain exceptions apply, a dismissal pursuant to Federal Rule of Civil Procedure 41(b) "operates as an adjudication on the merits"); Local Rule 41-2 ("[u]nless the Court provides otherwise, any dismissal pursuant to [Local Rule] 41-1 shall be without prejudice"); Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996) ("Dismissal with prejudice and default on counterclaims, for willful and inexcusable failure to prosecute, are proper exercises of discretion under Federal Rules of Civil Procedure 41(b), 16(f), and the inherent power of the court.").

In determining whether to dismiss a case for failure to comply with court orders or rules, the Ninth Circuit has instructed district courts to consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits. In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006). The test is not "mechanical," but provides a "non-exhaustive list of things" to "think about."

1 | Valley Eng'rs v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

## III.

## DISCUSSION

Here, the first two factors favor dismissal. The first factor—the public's interest in the expeditious resolution of litigation—"always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). The second factor—the Court's need to manage its docket—favors dismissal because Plaintiff's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [them] to control the pace of the docket rather than the Court." Id. (internal quotations marks omitted). Plaintiff failed to provide the Court with an updated mailing address, and the Court cannot obtain that information from the CDCR's CIRIS website.

The third factor—prejudice to Defendants—weighs in favor of dismissal. Defendant, a correctional officer at the California Rehabilitation Center in Norco, is accused of violating Plaintiff's civil rights more than a year ago in January 2023. (Dkt. 1 at 2-3.) A rebuttable presumption of prejudice to defendants always arises when a plaintiff unreasonably delays prosecution of an action, In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994), because unnecessary delay "inherently increases the risk that witnesses' memories will fade and evidence will become stale." Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002).

The fourth factor—availability of less drastic sanctions—favors dismissal. The Local Rules, available online, warn all pro se litigants that failure to keep the Court apprised of their current mailing address could result in dismissal. The Court's CMO and minute order attempting to warn Plaintiff directly about this Local Rule were both returned as undeliverable. (Dkt. 22, 24). See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) ("a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement") (citation omitted). Without a

valid mailing address, the Court has no means of communicating with Plaintiff.

The fifth factor—public policy favoring a disposition of an action on its merits—weighs against dismissal here. Pagtalunan, 291 F.3d at 643. But this factor alone does not outweigh the others that all tip in favor of dismissal. Plaintiff is responsible for prosecuting his lawsuit in compliance with the Local Rules. For more than a month, Plaintiff has failed to keep the Court apprised of his current mailing address.

Given that the enumerated factors largely support dismissal, this action should be dismissed pursuant to Rule 41(b) and Local Rules 41-1 and 41-6. Considering all of the circumstances, and in particular Plaintiff's pro se status, the dismissal will be without prejudice.

## IV.
## CONCLUSION

For these reasons, it is HEREBY ODERED that the Complaint and entire action is dismissed without prejudice due to Plaintiff's failure comply with Local Rule 41-6 by keeping the Court informed of his current mailing address.

DATED: September 26, 2024

_____
MICHAEL W. FITZGERALD
United States District Judge

Presented by:

_____
Hon. Karen E. Scott
United States Magistrate Judge

5